A Convic-
tion of Petit
Larceny and
Judgment
thereon do
not deſtroy
the Compe-
tency of a
Witneſs.

## Dom. Rex *verſ.* Pourkſdorff.

INDICTMENT vs. Pourkſdorff for Stealing. A Woman offered as Evidence who at the ſame Term had pleaded guilty to an Indictment of the ſame Nature. (1)

*The Attorney General* objected to her, that ſhe pleaded guilty to an infamous Crime, and therefore no Witneſs, and cited Hawkins's Pleas of the Crown, B. 2, ch. 33, § 129; ch. 37, §§ 48 to 53.

*Mr. Kent for the Priſoner.* Law of Evid. 145. Judge Raymond, 32. 2 Sid. 51. (2)

*The Attorney General* then moved for Judgment; and

*Granted.*

The Queſtion then aroſe, whether, when there is a Judgment, and not an infamous Judgment,* it bars the Perſon on whom Judgment is paſſed, from being a Witneſs.

*Attorney General & Mr. Kent* cited as above.

*Ch.*

* It is the Crime and not the Puniſhment that makes a Man infamous. Theory of Evid. 107, *q. v.*

---

(1) *Rex* v. *Pourkſdorff & al.*, Rec. 1764, fol. 123.
(2) Where it is decided that a conviction without judgment thereon is not ſufficient to diſqualify a witneſs.

*Ch. Juſt.* When the Crime is ſo great and of ſuch a *Nature* (for Inſtance the *Crimen Falſi* in Law) as it is to be ſuppoſed that the Perſon guilty has loſt all Senſe of Truth, and would not heſitate at violating his Oath, in ſuch Caſe no Doubt not to be admitted, but even where the Judgment is infamous, (as that a Perſon ſhall ſit in the Pillory for writing a Libel,) yet if the Crime is not of ſuch a Nature as the leaſt to invalidate the Credit of the Witneſs's *Oath*, (as in the Caſe I mentioned, and that of the Witneſs now offered,) no Doubt they may be admitted.

*Attorney General.* Theft is infamous.

*Kent.* Petit Larceny is not.

*Attorney General.* There is no Difference between grand and petit Larceny.

*Ch. Juſt.* Do you ſuppoſe, Mr. Attorney, every Perſon convicted of petit Larceny at the Old Baily is ever after barred from being a Witneſs?

*Attorney General.* I don't know.

*The Court* unanimouſly *held*, No; (3) and ordered the

---

(3) It ſeems to have been aſſumed that the conviction in this caſe was for petit larceny. But the only indictment againſt a woman for larceny, on the record of this term, is againſt Margaret Knodle, joined with Pourkſdorff on a former indictment for grand larceny, to which ſhe pleaded guilty. In either caſe, however, the deciſion appears unaccountable, in view of the well-known rules of the common law on this ſubject, at that time unaltered by ſtatute. A conviction of felony deſtroyed

1764.

REX

*v.*

POURKSDORFF.

the Witnefs to be fworn, directing the Jury to give what Weight they pleafed to her Evidence.

This Evidence alone cleared Pourkfdorff, by fwearing fhe ftole the Goods herfelf.

---

Prefent :

Ch. Juftice, Judge Lynde, Cufhing & Oliver.

---

ftroyed the competency of a witnefs. Co. Lit. 6 b. And petit larceny was felony, although it did not produce a forfeiture of land. See 1 Hawk. (ed. of 1795) c. 36, § 6. But the punifhment for grand larceny (burning in the hand) reftored the competency of the witnefs (Com. Dig. Teftmoigne — Witnefs A 3), while that for petit larceny had no fuch effect, for which reafon it was fubfequently provided in England by 31 Geo. 3, c. 35, " That no perfon fhall be an incompetent witnefs by reafon of a conviction of petit larceny."

Whether the diftinction between grand and petit larceny was ever adopted or recognized in Maffachufetts — *quære*. In *Commonwealth* v. *Keith*, 8 Met. 531, it was held that a conviction of larceny to the value of forty cents, before a juftice of the peace, was fufficient to exclude the witnefs. And there can be no doubt that any conviction of larceny had this effect until all incompetency from crime was finally abolifhed by Sts. 1851, c. 233, § 97, & 1852, c. 312, § 60. *Commonwealth* v. *Green*, 17 Mafs. 515, 537. *Commonwealth* v. *Keith, ub.fup.*